OPINION OF THE COURT
Arnold G. Fraiman, J.
In this proceeding brought pursuant to CPLR article 78 petitioner seeks to vacate a determination of respondent Board of Estimate of the City of New York which denied her application for an award pursuant to section 67-3.2 of the Administrative Code of the City of New York, the so-called Good Samaritan Law, on the ground that such determination was arbitrary, capricious and contrary to law. Petitioner’s husband, an employee in a supermarket, was shot and killed in the course of a robbery while he and a fellow employee were returning from a bank with money belonging to the employer.
Section 67-3.2, after reciting that direct action on the part of private citizens in preventing crimes against the person or property of others, benefits the entire public, authorizes the Board of Estimate to make an award for the death or injury *528 to anyone caused in attempting to prevent the commission of a crime against the person or property of another. It then provides that any such award "shall be fixed in the discretion of the board of estimate as a matter of grace and not as a matter of right”.
 Upon receipt of the application for the award in the instant case, the matter was referred to the Comptroller’s office for factual investigation. That office found, on the basis of the evidence submitted, that the decedent was himself the victim of a robbery when he was shot by his assailant upon refusing to turn over money in his possession. The Corporation Counsel, to whom the matter was then referred for a legal opinion, concluded that merely because the money was the property of decedent’s employer did not alter the fact that decedent himself was the victim rather than a "good Samaritan”, and therefore was not entitled to an award under section 67-3.2. His conclusion was adopted by respondent Board of Estimate, and the court will not substitute its judgment for that of respondent. Nor can it be said that the board’s determination is such an abuse of the discretion afforded it by the Administrative Code that it is arbitrary and capricious and must be set aside on that basis. Petitioner’s attempt to show that she is entitled to an award in the instant case because of an earlier determination by the board in another matter in which an award was granted, is unavailing. Each case must be considered on its own facts and it cannot be said that the board abused its discretion solely by reason of its having granted an award in one matter and having denied it in another matter in which the facts were superficially similar.
For the foregoing reasons, the petition is dismissed.